IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DAVID LIGHTFOOT HERNANDEZ** § | |
| **#458230** § | |
| § | |
| V. § | A-10-CA-684-SS |
| § | |
| **STUART JENKINS and RISSI OWENS** § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Ellis Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. According to Plaintiff, he committed his offenses prior to September 1, 1987. Plaintiff asserts he was convicted and sentenced to 40 years in prison. Plaintiff indicates he was released on mandatory supervision on January 7, 2002 and remained on supervision for five years and four months. Plaintiff was returned to prison on May 18, 2007. In June 2007 Plaintiff asserts he was reviewed for parole by the entire seven-member Parole Board. According to Plaintiff, he was denied parole and

given a three-year set-off. Plaintiff was subsequently denied parole on July 7, 2010, and was given another three-year set-off.

Plaintiff's claims arise out of changes to the number of board members required to vote for parole. Prior to 1997, parole determinations were made by panels of three members of the Parole Board. Wallace v. Quarterman, 516 F.3d 351, 353 (5th Cir. 2008); TEX. CODE CRIM. P. art. 42.18 § 7(e) (Vernon 1988) (repealed). Effective September 1, 1997, the law was changed to require that two-thirds of the entire 18-member Board vote for parole in certain cases. TEX. GOV'T CODE ANN. § 508.046; Wallace, 516 F.3d at 353. In 2004, the Board's size was reduced from 18 members to seven members. § 508.031(a).

In his complaint, Plaintiff argues that the retroactive application of § 508.046 by the Parole Board violates the Equal Protection, Due Process, and Ex Post Facto clauses. Plaintiff asserts he received one favorable vote for parole but has no way of knowing if a panel of three voters would have granted him two favorable votes. Plaintiff seeks declaratory relief, injunctive relief and nominal damages. Plaintiff sues Chairman of the Board of Pardons and Paroles, Rissie Owens, and Director of the Texas Department of Criminal Justice - Parole Division, Stuart Jenkins.

## DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.   Due Process

As explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 522 U.S. 995, 118 S. Ct. 559 (1997) (citations omitted). Because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds. *Id*. (citations omitted). In Johnson, the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. Id. "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Id. at 309 n.13. Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decision. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995).

Plaintiff contends several Texas statutes governing the earning of good time credits have created a liberty interest in good-time credits. He contends these credits should be considered in determining the length of a three-year set-off. Plaintiff contends, if good-time credits are considered,

a three-year set-off would render him eligible for consideration in approximately 14 months. In particular, he cites TEX. GOV'T CODE ANN. § 498.003. Section 498.003(a) specifically states that good-conduct time is a privilege, not a right, and applies only to eligibility for parole or mandatory supervision. The Fifth Circuit has previously held this statute does not create a liberty or property interest in good-time credits. Parks v. Perry, 273 Fed. Appx. 366 (5th Cir. 2008) (citing Creel v. Keene, 928 F.2d 707, 708, 711-12 (5th Cir. 1991)). Plaintiff's argument that he is entitled to the application of his previously earned good-conduct time when considering him for parole review after his three-year set-off has no valid basis in law.

      C.     Equal Protection

Plaintiff also has not alleged a valid equal protection violation. Plaintiff has not shown that sex offenders are a suspect class or that they have been denied a fundamental right. In addition, subjecting such offenders to different parole procedures is reasonably related to a legitimate penological interest. See Breshears v. Garrett, No. 05-50064, 143 F. App'x 570 (5th Cir. 2005) (unpublished) (affirming the dismissal of the plaintiff's equal protection claim challenging the same change in parole procedure) (citing Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998); Finley v. Staton, 542 F.2d 250 (5th Cir. 1976)). In addition Plaintiff's conclusory assertions are insufficient to state an equal protection claim. See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir.1986).

      D.     Ex Post Facto

Plaintiff's Ex Post Facto claim also fails. The Fifth Circuit has determined that the Parole Board's retroactive application of § 508.046 does not violate the Ex Post Facto Clause because it is a discretionary rule addressing a prisoner's "suitability, not eligibility, for parole." Wallace v. Quarterman, 516 F.3d 351, 353 (5th Cir. 2008). Plaintiff admits he has no evidence to show he

4

would have obtained the requisite vote under the old voting requirement. In addition, Plaintiff mistakenly believes Senate Bill 60 amended TEX. GOV'T CODE §508.046 to disallow the application of that section to anyone who committed their offense before September 1, 2005.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of

an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of December, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE